NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSEPH GANEA, *Appellant.*

No. 1 CA-CR 14-0678
FILED 8-18-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-458300-001
The Honorable Robert L. Gottsfield, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Charles R. Krull
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Donn Kessler joined.

---

**W I N T H R O P**, Presiding Judge:

**¶1**        Joseph Ganea ("Appellant") appeals his conviction and placement on probation for unlawful flight from a pursuing law enforcement vehicle. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record on appeal and found no arguable question of law that is not frivolous. Appellant's counsel therefore requests that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error). This court allowed Appellant to file a supplemental brief *in propria persona*, but Appellant has not done so.

**¶2**        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[1] Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL HISTORY[2]**

**¶3**        On January 22, 2014, the State charged Appellant by information with unlawful flight from a pursuing official law enforcement vehicle, a class five felony, in violation of A.R.S. § 28-622.01.

**¶4**        At trial, the State presented the following evidence: On August 1, 2013, at approximately 1:45 p.m., Phoenix police officers Wing

---

[1]    We cite the current version of the applicable statutes because no revisions material to this decision have occurred since the date of the offense.

[2]    We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

and Stewart were on patrol between 48th Street and 49th Street. Officers Wing and Stewart were driving together in a fully marked patrol vehicle, a Chevrolet Tahoe, and they witnessed Appellant, who was riding a motorcycle, pull out of an apartment complex, cutting off another vehicle. Officer Wing made a U-turn, activated the Tahoe's lights and sirens, and approached Appellant's motorcycle from behind as he stopped at a stop sign. Appellant looked back at the officers briefly, and then accelerated north on 48th Street. The officers followed Appellant for two to three blocks, but noticed that, although their speedometer read sixty miles per hour, Appellant continued to accelerate ahead of them. The listed speed limit was thirty miles per hour. To avoid further danger to the public, the officers turned off their lights and sirens and stopped chasing Appellant. Appellant continued to accelerate, swerving left into oncoming traffic to get around vehicles. The officers saw a cloud of dust in the distance as Appellant's motorcycle collided with another vehicle and flipped approximately ten to fifteen feet above the other vehicles.

¶5 As the officers reached the accident site, Officer Stewart contacted the fire department, while Officer Wing approached Appellant, who was sitting next to the motorcycle and removing his helmet. Officer Wing said, "Well, that was pretty stupid." Appellant replied, "Yeah, I screwed up." Appellant was taken to a hospital for precautionary reasons.

¶6 Appellant did not testify, but argued that he was not aware the officers were chasing him. At the conclusion of the trial, the jury returned a guilty verdict. On September 15, 2014, the trial court placed Appellant on supervised probation for two years. Appellant filed a timely notice of appeal.

**ANALYSIS**

¶7 We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at trial was substantial and supports the verdict, and the period of probation imposed was within the statutory limits. *See* A.R.S. § 13-902(A). Appellant was represented by counsel at all stages of the proceedings and allowed to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶8 After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal

and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶9       Appellant's conviction and placement on probation are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama